Dear Councilman Licciardi:
We are in receipt of your request for an Attorney General's opinion regarding the powers of a home rule charter form of government. Specifically, you have requested an opinion on when state law takes precedence over a home rule charter.
The St. Bernard Charter provides for general powers and special powers as follows:
Section 1-04 General Powers
 Except as otherwise provided by this charter, the parish government shall continue to have all of the powers, rights, privileges, immunities, and authority heretofore possessed by St. Bernard Parish under the constitution, statutes, and laws of the State of Louisiana. The parish government shall have and exercise such other powers, rights, privileges, immunities, authority, and functions not inconsistent with this charter as may be conferred on or granted to a local governmental subdivision by the constitution, statutes, and laws of the State of Louisiana. More specifically, the parish government shall have and is hereby granted the right and authority to exercise any power and perform any function necessary, requisite, or proper for the management of affairs not denied by this charter and neither denied by nor inconsistent with the constitution, statutes, and laws of the State of Louisiana.
Section 1-05 Special Powers
 The parish government shall have the right, power, and authority to pass all ordinances requisite or necessary to promote, protect, and preserve the general welfare, safety, health, peace, and good order of the parish, including, but not by way of limitation, the right, power, and authority to pass ordinances on all subject matter necessary, requisite, or proper for the management of parish affairs, and all other subject matter without exception, subject to the limitation that the same shall not be inconsistent with the constitution, statutes, or laws of the State of Louisiana or with this charter.
The Louisiana Supreme Court, in the case of Francis v. Morial,455 So.2d 1168 (La. 1984), thoroughly reviewed the constitutional provisions pertaining to the powers and functions of home rule charters. The court recognized that Article VI of the 1974 Louisiana Constitution promotes the autonomy of home rule governments by delegating to them broad revocable powers and functions. Section 5 of Article VI sets forth procedures by which a home rule charter may be adopted and authorizes a home rule government to assume any power or function necessary, requisite or proper for the management of its affairs, not denied by general law or inconsistent with the constitution. And Section 6 of Article VI provides that no law shall change or affect the structure and organization or the particular distribution and redistribution of the powers and functions of such local governments.
Additionally, the court reviewed the provisions of Section 9(B) of Article VI, which provides that, notwithstanding any provision of Article VI, the police power of the state shall never be abridged. This police power has been described generally as "[t]he inherent power of the state to govern persons and things, within constitutional limits, for the promotion of general security, health, morals and welfare." Francis, at 1172.
In general terms, the Supreme Court found that "[S]ection 6 (of Article VI) . . . was intended to prevent the legislature from substituting its judgment for that of the home rule government with respect to the arrangement of the various offices, departments, agencies and elements of the local government, and as to the assignment, allocation or distribution of purposes, work, authority and capacities among them." Id. at 1171. We are enclosing a copy of the case of Francis v. Morial, which we find to be a clear annunciation by our Supreme Court as to the powers and functions of a home rule charter government.
In sum, it is our opinion state law may only provide general laws which neither (1) affect the structure and organization of any governmental subdivision which operates under a home rule charter, nor (2) alter the particular distribution and redistribution of the powers and functions of such a governmental subdivision. (Article VI, Section 6 of the 1974 Louisiana Constitution) However, the powers and functions of a local governmental subdivision which operates under a home rule charter are subject to change by general law of the legislature and the constitution, in accordance with Article VI, Section 5 of the Constitution.
The provisions of the St. Bernard Charter which provide for the general and special powers of the local government are, in our opinion, consistent with the similar provisions of the 1974 Louisiana Constitution.
We hope this opinion has adequately addressed all of your concerns in this matter; however, if we can be of further assistance, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ANGIE ROGERS LaPLACE Assistant Attorney General RPI/ARL:pb/0265s Enclosure